**FLANAGAN & HUNTER, P.C.**
ATTORNEYS AT LAW
AND
PROCTORS IN ADMIRALTY
88 BLACK FALCON AVENUE, SUITE 274
BOSTON, MASSACHUSETTS 02210-2429

MICHAEL J. CALABRO
BRIAN P. FLANAGAN

sealaw@comcast.net

FILED
IN CLERKS OFFICE
2004 JUN -8 P 12: 45
U.S. DISTRICT COURT
DISTRICT OF MASS

JEROME F. FLANAGAN (1930-19..)
F. DORR HUNTER, OF COUNSEL
TELEPHONE:(617) 482-33..
FAX:(617) 482-34..

TAX IDENT.NO. 04-28569..

7 June 2004

Clerk, Civil
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

Re:   *Removal of Action; Lussier et. al. v. Eastern Yacht Sales, Inc., et. al.*
      *Norfolk Superior Court Civil Action CV04-00713*
      *USDC, District of Massachusetts: CV-11071 RCL*
      Our File No.  045316.01

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter please find the following documents:

   1. A certified copy of the docket filings prior to the date of removal from the Norfolk County Superior Court.

Please docket the same and call with any questions that you may have. Thank you.

Sincerely,

FLANAGAN & HUNTER, P.C.

Brian P. Flanagan

BPF:dlm
Enclosure
cc:

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                                SUPERIOR COURT
                                                            C.A. NO.

| | |
|---|---|
| ROBERT L. LUSSIER and <br> RONALD LUSSIER <br>                     Plaintiffs <br><br> v. <br><br> EASTERN YACHT SALES, INC.; <br> JEANNEAU AMERICA, INC.; and <br> CHANTIERS JEANNEAU, a French <br> Corporation <br>                     Defendants | COMPLAINT <br> AND <br> JURY CLAIM |

### Introductory Statement.

1. This is an action by the plaintiffs, as buyers/owners of a certain sailing vessel known as "The Phoenix," against the retail boat dealer, the manufacturer of the boat, and the company which imported the boat to the United States from its point of manufacture in France. Plaintiffs seek damages for the value of the boat as of on or about December 4, 2003 when the vessel was substantially damaged by an on-board fire caused by a manufacturing defect at the point of its manufacture and/or at the point of its "fit up" prior to delivery of the boat to the plaintiffs.

### Parties.

2. Plaintiffs Robert L. Lussier and Ronald Lussier are the buyers/owners of the S/V Phoenix. Plaintiff Robert L. Lussier is an individual presently of 33 Trenton Street, Bellingham, Norfolk County, Massachusetts. Plaintiff Ronald Lussier is an individual presently of 67 Crescent Avenue, Sausalito, California, hereinafter the plaintiff.

3. Defendant Eastern Yacht Sales Inc. is a Rhode Island corporation having its usual place of business at 39 Alexander Road, Portsmouth, Rhode Island 02871; and also having a usual place of business in Massachusetts at 335 Lincoln Street, Hingham, Massachusetts 02043. The resident Massachusetts agent for Eastern Yacht Sales Inc. is Jon F. Rotenberg, presently of 476 Heath Street, Brookline, Norfolk County, Massachusetts 02467. Said defendant is the retail seller of the S/V Phoenix, hereinafter Eastern Yacht Sales.

4. Defendant Jeanneau America Inc. is a corporation presently having a usual place of business at 105 Eastern Avenue, Suite 202, Annapolis, Maryland 21403. Said defendant hereinafter Jeanneau America, is the importer of the vessel from its point of manufacture in the country of France. Jeanneau America is a wholly-owned subsidiary of Chantiers Jeanneau, a French corporation, the manufacturer of the S/V Phoenix.

5. Defendant Chantiers Jeanneau is a French corporation, the manufacturer of the vessel now known as S/V Phoenix, having its usual place of business at Route De La Roches Suvyon, 85500 Les Herbiers, FRANCE.

## COUNT ONE AGAINST MANUFACTURER CHANTIERS JEANNEAU

6. Plaintiff repeats and re-alleges all of the fact set forth in paragraphs 1-5 hereof and incorporates them herein by reference as if individually set forth herein.

7. From its offices in France, defendant Chantiers Jeanneau is engaged in the manufacture, distribution and/or sales of boats in the United States, including the Commonwealth of Massachusetts and the State of Rhode Island, to the general consuming public.

8. On or about May 1, 2003, plaintiff agreed to purchase a new Jeanneau 45.2 boat to be designed and manufactured by Chantiers Jeanneau and to be delivered to plaintiff on or about July 2003.

9. This defendant agreed and warranted expressly and impliedly, to design and manufacture the boat so that it would be safe for the use to which it would be a put, by the plaintiff, and that the boat, as designed and manufactured, would be free of defects in design and workmanship which would affect plaintiff's use and enjoyment of the boat.

10. Thereafter, this defendant manufactured the subject boat.

11. On or about July-August 2003, this defendant delivered the boat from its point of manufacture to the United States distributor/importer, and to the retail boat yard with which plaintiff dealt.

12. After delivery of the boat, to the boat yard, the vessel was fit-up and made ready for delivery to the plaintiff.

13. Plaintiff took delivery of the subject vessel on or about August 2003, relying upon the warranty of the defendant that the boat was of merchantable quality, free of defects, and safe for its intended usage; and plaintiff thereafter used the subject boat.

14. The subject boat was defective when manufactured and when delivered to plaintiff in that the boat's electrical wiring harness and transmission control cable were designed and installed by this defendant too close together in the engine compartment so that under normal operating and usage conditions the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This condition allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of

3

the grounded transmission control cable which could and actually did cause an on-board fire.

15. As a sole result of the defective condition of the boat aforesaid a devastating fire occurred on board the subject boat on or about December 4, 2003 substantially damaging it and proximately causing plaintiff to sustain a loss.

16. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Chantiers Jeanneau for all their monetary loss and damage and that plaintiff further be awarded interest, costs and attorneys' fees.

## COUNT TWO AGAINST IMPORTER/DISTRIBUTOR JEANNEAU AMERICA INC.

17. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-16, hereof and incorporates them herein by reference as if individually set forth herein.

18. From its offices in Annapolis, Maryland, this defendant engaged in the business of importing and distributing boats manufactured elsewhere by Chantiers Jeanneau to retail sales outlets in the Commonwealth of Massachusetts, and the State of Rhode Island.

19. On or about May 1, 2003, plaintiff agreed to purchase a new Jeanneau 45.2 boat to be designed and manufactured by Chantiers Jeanneau in France, and thereafter imported into the United States by this defendant, for sale to the retail outlet, and ultimately for delivery to the plaintiff.

20. This defendant agreed and warranted expressly and impliedly to import and sell boats which would be and are safe for their intended ordinary use, and which would be and are free from defects in design and manufacture which would injure, harm or damage consumers.

21. This defendant imported the subject boat on or about July-August 2003, and thereafter delivered it to the retail outlet for ultimate sale and delivery to the plaintiff on or about August 2003.

22. Plaintiff took delivery of the subject boat from the retail outlet on or about August 2003 relying upon the warranty of this defendant that the boat was of merchantible quality, free of defects and safe for its intended use.

23. Thereafter, plaintiff used the subject boat.

24. The subject boat was defective when manufactured, when imported, when distributed to the retail outlet and when delivered to plaintiff in that the boat's electrical wiring harness and transmission control cable were designed and installed by entities for whose conduct this defendant is responsible, too close together in the engine compartment so that under normal operating and usage conditions the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This condition allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

25. As a sole result of the defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003 substantially damaging it and proximately causing plaintiff to sustain a loss.

26. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Jeanneau America Inc. for all their monetary loss and damage and that plaintiff further be awarded interest, costs and attorneys' fees.

## COUNT THREE AGAINST EASTERN YACHT SALES INC.

27. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-26 hereof and incorporates them herein, by reference as if individually set forth herein.

28. This defendant was on or about May 1, 2003 and at all other time material hereto, engaged in the business of selling boats to consumers.

29. This defendant sold and delivered to plaintiff a certain Jeanneau 45.2 boat, manufactured, "fit-up," and distributed by co-defendant's Jeanneau America Inc. and Chantiers Jeanneau.

30. When purchasing the boat, plaintiff relied upon this defendant's warranty and the warranties made by the other defendants that the subject boat was merchantible, safe for its intended use and free from defects in its design, manufacture and "fit-up," but in fact it was not. Said boat was not merchantible, was not safe for its intended use and was defective in its design and manufacture in that the boat's electrical wiring harness and transmission control cable were designed and installed, by entities for whose conduct this defendant is responsible, too close together in the engine compartment so that under normal operating and usage conditions, the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This condition allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded

6

transmission control cable which could and actually did cause an on-board fire.

31. As a sole result of the defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003, substantially damaging it and proximately causing plaintiff to sustain a loss.

32. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Eastern Yacht Sales for all of their monetary loss and damage, and that plaintiff further be awarded interest, costs and attorneys' fees.

### COUNT FOUR: VIOLATION OF MGL CHAPTER 93A AGAINST ALL DEFENDANTS

33. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-32 hereof and incorporates them herein by reference as if individually set forth herein.

34. The acts, practices, and conduct aforesaid of these defendants is a willful, knowing, intentional and bad faith violation of MGL Chatper 93A, Sections 1 et seq. which has caused plaintiff to suffer loss and damage.

35. Plaintiff has given notice to these defendants as required by law, but defendants have failed, neglected and refused to respond to the plaintiff as required by law.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, for their actual loss and damage; that multiple damages be awarded to the

plaintiff pursuant to MGL Chapter 93A Section 1 et seq.; and that plaintiff recover interest, costs and attorneys' fees, all as provided by law.

Plaintiffs demand a jury trial on all issues so triable.

>   Plaintiffs
>   By their attorney
>
>   _/s/ Robert G. Cohen_
>   Robert G. Cohen BBO # 090340
>   188 Oaks Road
>   Framingham, MA 01702
>   (508) 875-0035

April 28, 2004

A TRUE COPY
Attest: _[signature]_
Deputy Assistant Clerk
6/1/04

| CIVIL ACTION COVER SHEET | DOCKET NO(s) 04 CC713 | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) Robert L. Lussier and Ronald Lussier | DEFENDANT(S) Eastern Yacht Sales Inc.; Jeanneau America Inc.; and Chantiers Jeanneau |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Robert G. Cohen BBO# 090340 188 Oaks Road, Framingham MA 01702 Board of Bar Overseers number: 508-875-0035 | ATTORNEY (if known) A 2 |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99/B99 | Breach of Contract - Warranty Negligence | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ............................................. $..............
   2. Total Doctor expenses .............................................. $..............
   3. Total chiropractic expenses ........................................ $..............
   4. Total physical therapy expenses ................................... $..............
   5. Total other expenses (describe) ................................... $..............
      Subtotal $..............
B. Documented lost wages and compensation to date ........................ $..............
C. Documented property damages to date ................................... $..............
D. Reasonably anticipated future medical and hospital expenses ........... $..............
E. Reasonably anticipated lost wages ..................................... $..............
F. Other documented items of damages (describe) $..............
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
6/1/04

$..............
TOTAL $..............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
Plaintiff's luxury boat was substantially damaged/destroyed by a fire on or about December 4, 2003, caused by defendants.

TOTAL $500,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT    NONE

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-28-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

ATTESTS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 MAY 24  P 2: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ROBERT L. LUSSIER, et.al. <br> Plaintiffs <br><br> vs. <br><br> EASTERN YACHT SALES, INC.; <br> JEANNEAU AMERICA, INC.; and <br> CHANTIERS JEANNEAU. <br><br> Defendants | ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) 04 CV 11071 RCL <br> ) <br> ) <br> ) |

**PETITION FOR REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

RECEIVED & FILED
**CLERK OF THE COURTS**
NORFOLK COUNTY
6/1/04

This Petition of Jeanneau America, Inc., respectfully states:

1. On 28 April 2004, an action was commenced against the Petitioner, Jeanneau America, Inc., in the Superior Court of the Commonwealth of Massachusetts in and for the County of Norfolk under the name and style Robert L. Lussier and Ronald Lussier v. Eastern Yacht Sales, Inc.; Jeanneau America, Inc. and Chantiers Jeanneau, Civil Action No. 04-00713. A copy of said Complaint and Summons is attached hereto as **Exhibit 1**.

2. No responsive pleadings have been served at this time.

3. At the commencement of this action, plaintiffs were residents of either the

1

Commonwealth of Massachusetts or the State of California.

4. At the time this action was commenced, Jeanneau America, Inc., is and was a non-Massachusetts corporation, with its principal place of business located in Annapolis, Maryland.

5. At the time this action was commenced, Chantiers Jeanneau is and was a business entity organized and existing in France and did not have a principal place of business or any other place of business within the Commonwealth of Massachusetts.

6. At the time this action was commenced, Eastern Yacht Sales, Inc., upon information and belief, was and is a Delaware Corporation with a principal in Portsmouth, Rhode Island.

7. In its Complaint, the plaintiff has requested monetary damages, including exemplary damages in accordance with M.G.L. c. 93A. The monetary damages claimed by plaintiff and listed on the Civil Action Cover Sheet (part of **Exhibit 1**) are $500,000.00, an amount which exceeds the jurisdictional threshold for this court's diversity jurisdiction, exclusive of interest and costs.

8. The above-described action is one of which this court has original jurisdiction under the provisions of Title 28, United States Code, section 1332, and is one

which may be removed to this court by Petitioner, defendant herein, pursuant to the provisions of Title 28, United States Code, section 1441, in that it is a civil action involving diversity of citizenship as to all parties referenced in the complaint.

9. The above-described action is one of which this court has original jurisdiction under the provisions of Title 28, United States Code, section 1332, and is one which may be removed to this court by Petitioner, defendant herein, pursuant to the provisions of Title 28, United States Code, section 1441, in that it is a civil action where the matter in controversy, exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. Jeanneau America, Inc. was not a citizen of the Commonwealth of Massachusetts at the time this action was instituted, nor is it now.

WHEREFORE, Petitioner prays that the above action now pending against it in the Superior Court of the Commonwealth of Massachusetts for Norfolk County be removed to the United States District Court for the District of Massachusetts, at Boston, Massachusetts for further proceedings as the court may require or otherwise deem appropriate in the interests of justice.

3

Dated: 24 my 04

Jeanneau America, Inc.,
By its attorneys,

FLANAGAN & HUNTER, P.C.

*[signature]*

Brian P. Flanagan
BBO# 547375
Michael J. Calabro
BBO# 069830
88 Black Falcon Avenue, Suite 274
Boston, MA 02210

### Certificate of Service

I hereby certify that on this 24 day of May, 2004, I served a copy of the foregoing document by mailing a copy thereof, postage prepaid, to:

Robert G. Cohen, Esq.,
188 Oaks Road
Framingham, MA 01702

*[signature]*
Attorney-at-Law

A TRUE COPY
Attest: *[signature]*
Deputy Assistant Clerk
6/1/04

4

**04-11071 RCL**

JS 44 (Rev. 3/99)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Robert L. Lussier
33 Trenton Street
Bellingham, MA

### DEFENDANTS
Eastern Yacht Sales, Inc
Jeanneau America, Inc
Chantiers Jeanneau

IN CLERKS OFFICE

**(b)** County of Residence of First Listed Plaintiff: **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert J. Cohen
188 Oaks Road
Framingham, MA 01702
(508-875-0035)

Attorneys (If Known)
Brian P Flanagan
Flanagan & Hunter P.C. - Suite 274
88 Black Falcon Ave
Boston, MA 02210 (617-482-3366)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL INJURY** ☐ 362 Personal Injury — Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Warranty on Sale of Recreational Vessel
(Diversity 28 USC 1332)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 500,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
Romann

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

---

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  **Robert L. Lussier v. Eastern Yacht Sales, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **FILED IN CLERKS OFFICE**
   **2004 MAY 24 P 2:25**
   **U.S. DISTRICT COURT**
   **DISTRICT OF MASS.**

   **04cv11071 RCL**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]  NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [x]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  **Brian P Flanagan**
ADDRESS  **Flanagan + Hunter, 88 Black Falcon Ave (Suite 274) Boston, MA 02210**
TELEPHONE NO.  **617-482-3366**

(Coversheetlocal.wpd - 10/17/02)

# FLANAGAN & HUNTER, P.C.
ATTORNEYS AT LAW
AND
PROCTORS IN ADMIRALTY
88 BLACK FALCON AVENUE, SUITE 274
BOSTON, MASSACHUSETTS 02210-2429

MICHAEL J. CALABRO
BRIAN P. FLANAGAN

JEROME V. FLANAGAN (1930-1995)

OF COUNSEL:
F. DORÉ HUNTER

TELEPHONE:(617) 482-3366
FAX:(617) 482-3467
TAX IDENT.NO. 04-2886089

FILED IN CLERKS OFFICE
2004 MAY 24 PM 2:25
U.S. DISTRICT COURT
DISTRICT OF MASS

24 May 2004

Civil Clerk
Norfolk County Superior Court
650 High Street
Dedham, MA 02026

Re: *Removal of Action; Lussier et. al. v. Eastern Yacht Sales, Inc., et. al.*
*Norfolk Superior Court Civil Action CV04-00713*
Our File No. 015237.01

Dear Sir/Madam:

04 CV 11071 RCL

Defendant has filed a Petition for Removal of the above-referenced action to the U.S. District Court.

This letter is a request for a certified copy of the documents on file for this matter and a certified copy of the docket page, for filing with the U.S. District Court.

Please advise me of the number of pages responsive to this request and the cost for the certified copies and I will remit a law firm check in payment.

Thank you.

Sincerely,

FLANAGAN & HUNTER, P.C.

Brian P. Flanagan

# FLANAGAN & HUNTER, P.C.
### ATTORNEYS AT LAW
### AND
### PROCTORS IN ADMIRALTY
### 88 BLACK FALCON AVENUE, SUITE 274
### BOSTON, MASSACHUSETTS 02210-2429

**MICHAEL J. CALABRO**
**BRIAN P. FLANAGAN**

sealaw@comcast.net

FILED
IN CLERKS OFFICE

2004 MAY 24  PM 2:25

U.S. DISTRICT COURT
DISTRICT OF MASS.

JEROME J. FLANAGAN (1930-1
F. DORE HUNTER, OF COUNSL
TELEPHONE:(617) 482-
FAX:(617) 482-

TAX IDENT.NO. 04-288

21 May 2004

Clerk, Civil
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02210

04cv11071 RCL

Re: *Removal of Action; Lussier et, al. v. Eastern Yacht Sales, Inc., et. al.*
Norfolk Superior Court Civil Action CV04-00713
Our File No. 015237.01

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter please find the following documents:

1. Petition for Removal with Attendant Cover Sheets and a copy of Complaint that was filed in Norfolk Superior Court.
2. A check in the amount of $150.00 for the filing fee.
3. An extra copy of the removal petition to be certified by the USDC and a cover letter to forward the same to the Civil Clerk, Norfolk County Superior Court.

Please docket the same and call with any questions that you may have. Thank you.

Sincerely,

FLANAGAN & HUNTER, P.C.

Brian P. Flanagan

BPF:dlm
Enclosure
cc:

*Providence Office: 91 Friendship Street, 4th Floor, Providence, RI 02903*

MAS-20020121          Case 1:04-cv-11071-RCL    Document 2    Filed 06/08/2004    Page 19 of 20          06/01/2004
levisdeh                          Commonwealth of Massachusetts                                          02:57 PM
                                        NORFOLK SUPERIOR COURT
                                              Case Summary
                                              Civil Docket

# NOCV2004-00713
## Lussier et al v Eastern Yacht Sales Inc et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/28/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 06/01/2004 | **Session** | A - Civil A | | |
| **Origin** | 1 | **Case Type** | A99 - Misc contract | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 07/27/2004 | **Answer** | 09/25/2004 | **Rule12/19/20** | 09/25/2004 |
| **Rule 15** | 09/25/2004 | **Discovery** | 02/22/2005 | **Rule 56** | 03/24/2005 |
| **Final PTC** | 04/23/2005 | **Disposition** | 06/22/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Robert L Lussier
Active 04/28/2004

**Private Counsel 090340**
Robert G Cohen
188 Oaks Road
Framingham, MA 01702
Phone: 508-875-0035
Fax: 508-875-0558
Active 04/28/2004 Notify

**Plaintiff**
Ronald Lussier
Active 04/28/2004

*** See Attorney Information Above ***

**Defendant**
Eastern Yacht Sales Inc
Service pending 04/28/2004

**Defendant**
Jeanneau America Inc
Service pending 04/28/2004

**Private Counsel 069830**
Michael J Calabro
Flanagan & Hunter
88 Black Falcon Avenue
Suite 274
Boston, MA 02210-2429
Phone: 617-482-3366
Fax: 617-482-3467
Active 06/01/2004 Notify

MAS-20020121　　　Case 1:04-cv-11071-RCL　　Document 2　　Filed 06/08/2004　　Page 20 of 20　　06/01/2004
levisdeb　　　　　　　　　　　　　　Commonwealth of Massachusetts　　　　　　　　　　　　　　　　　　　02:57 PM
　　　　　　　　　　　　　　　　　　　　NORFOLK SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　　　Case Summary
　　　　　　　　　　　　　　　　　　　　　　　Civil Docket

### NOCV2004-00713
### Lussier et al v Eastern Yacht Sales Inc et al

| Defendant |
|---|
| Chantiers Jeanneau |
| Service pending 04/28/2004 |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 04/28/2004 | 1.0 | Complaint entry fee $290 plff jury claim |
| 04/28/2004 | | Origin 1, Type A99, Track F. |
| 04/28/2004 | 2.0 | Civil action cover sheet filed |
| 04/28/2004 | | fast track notice sent to plff attorney |
| 05/07/2004 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 06/01/2004 | 3.0 | Petition for Removal -- Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

Attest: *[signature]*
Deputy Assistant Clerk
A TRUE COPY
6/1/04