UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT L. LUSSIER, et.al.<br>    Plaintiffs<br><br>vs.<br><br>EASTERN YACHT SALES, INC.;<br>JEANNEAU AMERICA, INC.; and<br>CHANTIERS JEANNEAU.<br><br>    Defendants | )<br>)<br>)  Civil Action No. 04-11071 RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT JEANNEAU AMERICA INC.'S ANSWER TO THE SECONDED AMENDED COMPLAINT

Now comes defendant Jeanneau America, Inc., and by its attorneys, Flanagan & Hunter, P.C. responds to the Second Amended Complaint paragraph by paragraph as follows.

1. This paragraph of the Complaint is introductory and does not require a response.

2. Admitted.

3. Denied based upon information and belief as more fully set forth in the removal petition.

4. Admitted.

5. Admitted.

## COUNT ONE
## AGAINST CHANTIERS JEANNEAU

6. Defendant repeats and realleges each and every statement set forth above as if fully restated herein.

7. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

8. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

1

9. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

10. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

11. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

12. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

13. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

14. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

15. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

16. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

## COUNT TWO
## AGAINST JEANNEAU AMERICA INC.

17. Defendant repeats and realleges each and every statement set forth above as if fully restated herein.

18. Admitted.

19. This paragraph of the Complaint is non-specific. Defendant admits that it was the importer of said vessel.

20. Denied. The Warranty document speaks for itself.

21. Admitted that defendant imported the vessel. Denied as to the date of importation. Upon information and belief, defendant avers that the vessel was imported in 2002 or early 2003 and sold directly to Eastern Yacht Sales for the latter's inventory.

22. Admitted that plaintiff took delivery of the vessel in August of 2003. As to the remaining allegations of this paragraph of the complaint, defendant is without information and knowledge to form a belief and calls upon plaintiff to prove the same.

23. Defendant is without information and knowledge to form a belief and calls upon plaintiff to prove the same.

24. Defendant is without information and knowledge to form a belief and calls upon plaintiff to prove the same. Further, Jeanneau America denies that they either designed or manufactured the boat.

25. Defendant is without information and knowledge to form a belief and calls upon plaintiff to prove the same. Defendant admits that a fire occurred on the vessel in December 2003.

26. Denied that "due notice" was received. Admitted that a form of notice was sent to Jeanneau America, Inc.

## COUNT THREE
## EASTERN YACHT SALES

27. Defendant repeats and realleges each and every statement set forth above as if fully restated herein.

28. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

29. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

30. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

31. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

32. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

## COUNT FOUR: AGAINST EASTERN YACHT SALES OF RHODE ISLAND
## MGL CHAPTER 93A AGAINST ALL DEFENDANTS

33. Defendant repeats and realleges each and every statement set forth above as if fully restated herein.

34. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

35. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

36. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

37. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

38. This paragraph of the Complaint does not apply to defendant Jeanneau America, Inc. and therefore does not require a response.

## COUNT FIVE: VIOLATION OF MGL 93 AGAINST ALL DEFENDANTS

39. Defendant repeats and realleges each and every statement set forth above as if fully restated herein.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES

1. Each and every count of plaintiffs' complaint fails to state a claim upon which relief may be granted.

2. Any damages that are alleged to have been sustained plaintiffs were not caused or contributed to by the acts or omissions this defendant. Indeed, the said damages, if any were the sole and proximate result of the acts and omissions of third parties for whom this defendant is not legally responsible.

3. Plaintiffs and/or their associated underwriters have failed to mitigate their damages.

4. The damages that are alleged to have been sustained by plaintiff's were the result of plaintiffs' own acts or omissions, or those of plaintiffs' agents, servants, employees and or subcontractors working for plaintiffs or their agents.

5. As to plaintiffs' claim pursuant to Chapter 93 (a) MGL, upon information and belief, the

claim letter was improperly served and could not be responded to in a timely fashion.

6. This defendant was not made aware of the vessel fire until well after the investigation of the fire took place and items were removed from the vessel. This is an issue of late notice as to a potential claim and the lack of notice prevented this defendant from conducting its own examination of the vessel before evidence was removed.

7. Upon information and belief, the vessel's wiring as to electrical and electronic components were modified after the original manufacture and before the fire by persons or entities that are at this time unknown. Therefor, there may be necessary parties that are not yet before the court in this matter.

Wherefore, defendant prays that this matter as to it be dismissed with prejudice, without costs and defendant be awarded it reasonable attorney fees and such other relief as this Honorable Court deems to be in the interest of justice.

Defendant reserves the right to supplement or amend this Answer at any time prior to trial on the merits.

Dated: 20 December 2004

Jeanneau America, Inc.,
By its attorneys,

FLANAGAN & HUNTER, P.C.

_____
Brian P. Flanagan
BBO# 547375
Michael J. Calabro
BBO# 069830
88 Black Falcon Avenue, Suite 274
Boston, MA 02210

5

Certificate of Service

I hereby certify that on this 20 day of Dec., 2004, I served a copy of the foregoing document by mailing a copy thereof, postage prepaid, and by e-mail to:

Robert G. Cohen, Esq.,
188 Oaks Road
Framingham, MA 01702

_____
Attorney-at-Law

6