FILED
IN CLERKS OFFICE

2005 FEB -2  P 3: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT L LUSSIER AND RONALD LUSSIER<br>PLAINTIFF/PETITIONER<br>VS.<br>EASTERN YACHT SALES INC.; ET AL.,<br>DEFENDANT/RESPONDENT | CAUSE #: 04 11071 RCL<br><br>CERTIFICATE OF SERVICE |

This service has been completed in compliance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (Done at The Hague November 15, 1965) (Entered Into Force for the U.S. on February 10, 1969). The Certificate of Service attached is also in compliance.

---

**ABC Legal Services, Inc.**
910 5th Ave. Seattle, WA 98104
(206) 521-9000
TRACKING #: 3545595

**ORIGINAL**
**PROOF OF SERVICE**

ROBERT GERALD COHEN 508 875 0035
188 OAKS RD
FRAMINGHAM, MA 01702

Page 1 of 1
OR_WGENEVA

# CERTIFICATE

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**

1) that the document has been served*
   the (date) _vendredi 17 décembre 2004_
   at (place, street, number) _Chantiers JEANNEAU Route de la Roche 85 500 LES HERBIERS_

   in one of the following methods authorized by article 5:

   ☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

   ☐ (b) in accordance with the following particular method:*

   ☐ (c) by delivery to the addressee, who accepted it voluntarily.*

   The documents referred to in the request have been delivered to:
   (identity and description of person)
   _Didier GREGGORY,_

   relationship to the addressee family, business, or other
   _Directeur General Adjoint chantiers JEANNEAU_

2) that the document has not been served, by reason of the following facts:*

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.***

Annexes

Documents returned:
_1 exemplaire de l'acte._

Done at _LES HERBIERS_, the _17.12.2004_

Signature and/or stamp

_L'Adjudant Eric SUTEAU_
_Adjoint au commandant de Brigade_
_de Gendarmerie des HERBIERS_

In appropriate cases, documents establishing the service:

TRACKING #: 3545595


USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)

* Delete if inappropriate

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| Rick Hamilton<br>910 5th Avenue<br>Seattle, Washington 98104<br>United States of America<br><br>Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983 which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | Ministere de la Justice<br>Bureau de l'Entraide Judiciaire<br>Internationale D4<br>13 Place Vendome<br>75042 Paris (1er), Cedex 01, France |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.;
(identity and address)

**CHANTIERS JEANNEAU**
**ROUTE DE LA ROCHES  85500 LES HERBIERS**
**, France**

DOB:                         Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*

_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided on the reverse side.

Hearing Date:

List of documents:

EXECUTED "REQUEST" IN DUPLICATE; EXECUTED "SUMMARY" IN DUPLICATE; "CERTIFICATE" (UNEXECUTED) IN DUPLICATE; SUMMONS, TRANSLATED & IN DUPLICATE; SECOND AMENDED COMPLAINT AND JURY CLAIM, TRANSLATED & IN DUPLICATE

Done at Seattle, Washington USA, on Nov 12 2004

Signature and/or stamp

*[signed: Rick Hamilton]*
*[seal: Department of Justice, Office of International Judicial Assistance, Washington, D.C.]*

TRACKING #: 3545595

USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

## SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.

(article 5, fourth paragraph)

Name and address of the requesting authority:   **Rick Hamilton**
**910 5th Avenue**
**Seattle, Washington 98104**
**United States of America**

Particulars of the parties:

**ROBERT L LUSSIER AND RONALD LUSSIER**   vs.   **EASTERN YACHT SALES INC.; ET AL.,**

### JUDICIAL DOCUMENT*

Name and purpose of the document:
To give notice to the Defendant of the institution against them of a claim for civil damges, and summon them to answer to the complaint.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
Plaitiff is seeking to recover civil damages, amount to be determined in court.

Date and place for entering appearance:*
Defendant has thirty days from receipt of the Summons to answer to the complaint, address is noted on the Summons.

Court which has given judgment:*
n/a

Date of judgment:*
n/a

Time limits stated in the document:*
    Hearing Date:

### EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:
n/a

Time limits stated in the document:*
n/a

TRACKING #: 3545595



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

AQ 44 (Rev. 8/01) Assignations en Action Civile

# TRIBUNAL JURIDICTIONNEL DES ETATS UNIS
## Juridiction du Massachusetts

Robert L. Luissier et  
Ronald Luissier  
V.

Eastern yacht Sales Inc. ;  
Jeanneau America Inc.; et  
Chantier Jeanneau

**ASSIGNATION EN ACTION CIVILE**

AFFAIRE N° 04011071 RCL

A : ( Nom et adresse du Défendeur)    Chantiers Jeanneau  
Route De La Roches  
85500 Les Herbiers  
FRANCE

ON VOUS ASSIGNE   et demande..................de notifier à l' AVOCAT PLAIDANT  ( nom et adresse) :

Robert G. Cohen  
**Avocat**  
**188 Cake Road**  
**Framingham,MA 01702**

une réponse à la plaide qui est annexe à cette assignation  dans le 30 jours après la date d'émission de cette assignation contre vous, le jours de service étant exclu. Au cas où  vous n'obtempérez  pas à ce qui est indiqué ci-dessus, on donnera course à une défaut contre le défendeur pour l'exonération demandée dans la plainte. Toute question que vous notifiez au parties de cette action doit être classée avec l'Employé  de ce Tribunal, dans une  période de temps raisonnable après le service.

**TONY  ANASTAS**    TRIBUNAL JURIDICTIONNEL DES ETATS UNIS  
Juridiction du Massachusetts    **6.10.04 ( 6 oct. 2004)**

EMPLOYE'

SIGNATURE ILLISIBLE

Par L'EMPLOYE' ADJOINT

TRIBUNAL JURIDICTIONNEL DES ETATS UNIS
Juridiction du Massachusetts

ROBERT L. LUISSIER et al
    Plaignant
v.

EASTERN YACHT SALES INC. ;
JEANNEAU AMERICA INC.; ET
CHANTIER JEANNEAU
Défendeurs

ACTION CIVILE NO
04 CV 11071 RCL

## SECONDE PLAINTE AMENDE' ET RECLAMATION AU JURY

### Formulation d'Introduction

1. Il s'agit d'une action des plaignants, en qualité d'acheteurs et propriétaires d'un navire appelé « The Phoenix », contre le négociant au détail, le fabricant du bateau, et la société qui a importé le bateau aux Etats Unis de son point de fabricant en France. Les Plaignants demandent dommages-intérêts pour la valeur du bateau depuis ou environ le 4 Décembre 2003 lorsque le bateau a été considérablement endommagé à cause d'un incendie à bord, provoqué par un défaut de fabrication, pendant sa fabrication ou pendant son assemblage avant de la livraison du bateau au plaignant, provoqué par la négligence des défendeurs et/ou les violations des garanties applicables à ce bateau.

### Parties

2. Les plaignants Robert L. Luissier et Ronald Luissier sont les acheteurs/propriétaires du S/V Phoenix. Le plaignant Robert L. Luissier est un individu actuellement résident au 33 Trenton Street, Bellingham, Norfolk County, Massachusetts. Le plaignant Ronald Luissier est un individu actuellement résident au 67 Crescent Avenue, Sausalito, California, de suite le plaignant.

3. Le défendeur Eastern Yacht Sales of Rhode Island, Inc. c'est une société ayant son siège au 39 Alexander Road, Portsmouth, Rhode Island 02871 ; dit défendeur, est le vendeur au détail du S/V Phoenix, de suite Eastern Yacht Sales of Rhode Islands.

4. Le défendeur Jeanneau America Inc, c'est une société ayant son siège au 105 Eastern Avenue, Suite 202, Annapolis, Maryland 21403, de suite Jeanneau America, est l'importateur du navire du lieu de sa fabrication en France. Jeanneau America est le propriétaire secondaire des Chantiers Jeanneau, une société Française, le fabricant du S/V Phoenix.

5. Le défendeur Chantiers Jeanneau c'est une société française, le fabricant du navire, maintenant connu comme S/V Phoenix, ayant son siège en Route de la Roche Suvyon, 85500 Les Herbiers, FRANCE.

## CHEF D'ACCUSATION UN CONTRE
## LE FABRICANT CHANTIERS JEANNEAU

6. Le plaignant réaffecte et incorpore chaque et toute allégation dorénavant dans le Paragraphe 1 jusqu'au 5, inclus, et les incorpore en ce-ci par référence individuelle.

7. De son bureau en France, le défendeur Chantiers Jeanneau s'occupe de la fabrication, distribution et/ou ventes de bateaux pour la consommation générale publique aux Etats Unis, y inclus le Commonwealth du Massachusetts et l'Etat de Rhode Island.

8. Le ou environ 1 mai 2003, le plaignant décidait d'acheter un nouveau Jeanneau 45.2 dessiné et fabriqué par les Chantiers Jeanneau et à livrer au plaignant le ou environ juillet 2003.

9. Ce défendeur acceptait et garantissait expressément et implicitement, de dessiner et de fabriquer le bateau, de façon conforme à l'utilisation de la partie du plaignant, et que le bateau, devait être dessiné et fabriqué sans défauts de dessin et exécution, en permettant au plaignant le plaisir et l'utilisation du bateau.

10. Par la suite, ce défendeur fabriquait le bateau, mais il le faisait de façon négligente comme de suite indiqué.

11. Le ou environ juillet - août 2003 ce défendeur livrait le bateaux du lieu de fabrication à l'importateur/ distributeur des Etats Unis, et au chantier détaillant avec le quel le plaignant commerçait.

12. Après la livraison du bateau, au chantier, le navire était mis à point e rendu prêt pour la livraison au plaignant.

13. Le plaignant entrait en possession du dit navire le ou environ août 2003, en comptant sur la garantie du défendeur, que le bateau était de qualité commerçable et sans défauts, et en sécurité pou l'utilisation à la quelle il était affecté ; et par conséquent le plaignant utilisait le dit bateau.

14. Le dit bateau était fabriqué négligemment, était défectueux, et au moment de la livraison au plaignant les fils électriques et les câbles de transmission étaient dessiné de façon négligente et installés par ce défendeur trop proches ensemble dans le compartiment du moteur, de cette façon pendant les normales opérations et utilisations le circuit électrique et le câble de contrôle de transmission étaient en contact avec un autre en provoquant abrasion et poêlon. La négligence du défendeur provoquait cette condition et causait le contact entre le fil d'énergie au panneau de contrôle du poste de pilotage et le fil en fibre d'acier de la transmission à terre du câble de contrôle qui pourrait provoquer, et en effet provoquait l'incendie à bord.

15. Comme résultat de la négligence du défendeur et des défectueuses conditions du bateau susmentionné, un dévastant incendie se développait à bord du dit bateau le ou environ 4 décembre 2003, le quel l' endommageait et de conséquence causait une perte au plaignant.

16. Le plaignant a informé ce défendeur de cette violation de garantie.

POUR CES MOTIFS le plaignant demande jugement contre le défendeur Chantiers Jeanneau pour toutes les pertes monétaires et dommage et il demande aussi les coûtes de cette action en justice, les intérêts et les coûtes d'honoraire d'avocat.

## CHEF D'ACCUSATION DEUX CONTRE IMPORTEUR/DISTRIBUTEUR JEANNEAU AMERICA INC.

17. Le plaignant réaffecte et incorpore chaque et toute allégation dorénavant dans le Paragraphe 1 jusqu'au 16, inclus, et les incorpore en ce-ci par référence individuelle

18. De son bureau à Annapolis, Maryland ce défendeur s'occupe de importation et distribution de bateaux fabriqués ailleurs par Chantiers Jeanneau à vendre au détail dans le Commonwealth du Massachusetts et l'Etat de Rhode Island.

19. Le ou environ 1 mai 2003, le plaignant décidait d'acheter un nouveau Jeanneau 45.2 dessiné et fabriqué par les Chantiers Jeanneau en France et en suite importé aux Etats Unis par ce défendeur, pour la vente au détail, et en fin pour la livraison au plaignant.

20. Ce défendeur acceptait et garantissait expressément et implicitement, d'importer et vendre des bateaux en sécurité pour l'utilisation ordinaire et sans négligents défauts de dessin ou fabrication et sans défauts de fabrication qui puissent provoquer des lésions ou dommages aux utilisateurs.

21. Ce défendeur importait le dit bateau le ou environ juillet –août 2003, et de conséquence le livrait pour la dernière vente au détail au plaignant le ou environ août 2003.

22. Le plaignant entrait en possession du dit navire le ou environ août 2003, en comptant sur la garantie du défendeur, que le bateau était de qualité commerçant et sans défauts, et en sécurité pour l'utilisation à la quelle il était affecté ; sans défauts et en sécurité pour son utilisation.

23. Par conséquent le plaignant utilisait le dit bateau.

24. Le dit bateau était fabriqué négligemment, il était défectueux au moment de l'importation et lorsqu'il était fabriqué, lorsqu'il étai distribué et au moment de la livraison au plaignant les fils électriques et les câbles de transmission étaient dessiné de façon négligente et installés par ce défendeur trop proches ensemble dans le compartiment du moteur, de cette façon pendant les normales opérations et utilisations, le circuit électrique et le câble de contrôle de transmission étaient en contact avec un autre en provoquant abrasion et poêlon. La négligence du défendeur provoquait cette condition et causait le contact entre le fil d'énergie au panneau de contrôle du poste de pilotage et le fil en fibre d'acier de la transmission à terre du câble de contrôle, qui pourrait provoquer, et en effet provoquait l'incendie à bord.

25. Comme résultat de la négligence du défendeur et des défectueuses conditions du bateau susmentionné, un dévastant incendie se développait à bord du dit bateau le ou environ 4 décembre 2003, le quel l' endommageait et de conséquence causait une perte au plaignant.

26. Le plaignant a informé ce défendeur de cette violation de garantie

POUR CES MOTIFS le plaignant demande jugement contre le défendeur Chantiers Jeanneau pour toutes les pertes monétaires et dommage et il demande aussi les coûtes de cette action en justice, les intérêts et les coûtes d'honoraire d'avocat.

### CHEF D'ACCUSATION TROIS CONTRE EASTERN YACHT SALES INC.

27. Le plaignant réaffecte et incorpore chaque et toute allégation dorénavant dans le Paragraphe 1 jusqu'au 26, inclus, et les incorpore en ce-ci par référence individuelle.

28. Ce défendeur était le ou environ 1 mai 2003 et pour tout ce qui concerne ce-ci, s'occupait de la vente de bateaux aux consommateurs.

29. Ce défendeur vendait et livrait au plaignant un certain bateau Jeanneau 45.2, fabriqué, équipé et distribué par le co-défendeur Jeanneau America Inc. et Chantiers Jeanneau.

30. Au moment de l'achat du bateau, le plaignant avait confiance dans le raisonnable soin de ce défendeur et dans sa garantie et dans les garanties données par les autres défendeurs, que le susdit bateau était commerçant, en sécurité pour son utilisation et sans défauts dans le dessin, la fabrication et l'équipement, mais en effet il ne l'était pas. Le dit bateau n'était pas commerçant, n'était pas en sécurité pour son utilisation et il était négligemment et défectueusement dessiné et fabriqué, dans ce bateau, le circuit électrique était dessiné et installé, par des entités pour les quels le défendeur est responsable, trop proches ensemble dans le compartiment du moteur, de cette façon pendant les normales opérations et utilisations le circuit électrique et le câble de contrôle de transmission étaient en contact avec un autre en provoquant abrasion et poêlon. La négligence de ce défendeur provoquait cette condition et causait le contact entre le fil d'énergie au panneau de contrôle du poste de pilotage et le fil en fibre d'acier de la transmission à terre du câble de contrôle qui pourrait provoquer, et en effet provoquait l'incendie à bord.

31. Comme résultat de la négligence du défendeur et des défectueuses conditions du bateau susmentionné, un dévastant incendie se développait à bord du dit bateau le ou environ 4 décembre 2003, le quel le endommageait et de conséquence causait une perte au plaignant.

32. Le plaignant a informé ce défendeur de cette violation de garantie

POUR CES MOTIFS le plaignant demande jugement contre le défendeur Chantiers Jeanneau pour toutes les pertes monétaires et dommage et il demande aussi les coûtes de cette action en justice, les intérêts et les coûtes d'honoraire d'avocat

## CHEF D'ACCUSATION QUATRE CONTRE YACHT SALES OF RHODE ISLANDS

33. Le plaignant réaffecte et incorpore chaque et toute allégation dorénavant dans le Paragraphe 1 jusqu'au 32, inclus, et les incorpore en ce-ci par référence individuelle.

34. Ce défendeur était le ou environ 1 mai 2003 et pour tout ce qui concerne ce-ci, s'occupait de la vente de bateaux aux consommateurs.

35. Ce défendeur vendait et livrait au plaignant un certain bateau Jeanneau 45.2, fabriqué, équipé et distribué par le co-défendeur Jeanneau America Inc. et Chantiers Jeanneau.

36. Au moment de l'achat du bateau, le plaignant avait confiance dans le raisonnable soin de ce défendeur et dans sa garantie et dans les garanties données par les autres défendeurs, que le susdit bateau était commerçant, en sécurité pour son utilisation et sans défauts dans le dessin, la fabrication et l'équipement, mais en effet il ne l'était pas. Le dit bateau n'était pas commerçant, n'était pas en sécurité pour son utilisation et il était négligemment et défectueusement dessiné et fabriqué, dans ce bateau, le circuit électrique était dessiné et installé, par des entités pour les quels le défendeur est responsable, trop proches ensemble dans le compartiment du moteur, de cette façon pendant les normales opérations et utilisations le circuit électrique et le câble de contrôle de transmission étaient en contact avec un autre en provoquant abrasion et poêlon. La négligence de ce défendeur provoquait cette condition et causait le contact entre le fil d'énergie au panneau de contrôle du poste de pilotage et le fil en fibre d'acier de la transmission à terre du câble de contrôle qui pourrait provoquer, et en effet provoquait l'incendie à bord.

37. Comme résultat de la négligence du défendeur et des défectueuses conditions du bateau susmentionné, un dévastant incendie se développait à bord du dit bateau le ou environ 4 décembre 2003, le quel le endommageait et de conséquence causait une perte au plaignant.

38. Le plaignant a informé ce défendeur de cette violation de garantie.

POUR CES MOTIFS le plaignant demande jugement contre le défendeur Chantiers Jeanneau pour toutes les pertes monétaires et dommage et il demande aussi les coûtes de cette action en justice, les intérêts et les coûtes d'honoraire d'avocat.

## CHEF D'ACCUSATION CINQ VIOLATION DU MLG CHAPITRE 93A CONTRE TOUS LES DEFENDEURS

39. Le plaignant réaffecte et incorpore chaque et toute allégation dorénavant dans le Paragraphe 1 jusqu'au 38, inclus, et les incorpore en ce-ci par référence individuelle.

40. Les actes, les pratiques et la conduite susmentionnés de ces défendeurs c'est une violation volontaire, connue, intentionnelle et mauvaise du MGL Chapitre 93A, Sections 1 et suivantes qui a provoqué au plaignant pertes et dommages.

41. Le plaignant a informé ces défendeurs, comme requis par la loi, mais les défendeurs ont échoué, négligé et refusé de répondre au plaignant comme requis par la loi.

POUR CES MOTIFS, le plaignant demande jugement contre tous les défendeurs, conjointement et individuellement, pour leur perte et dommage actuels ; que les dommages multiples soient accordé au plaignant conformément au MGL Chapitre 93A et suivants ; et que le plaignant récupère les intérêts, et les coûtes d'honoraire d'avocat, comme prévu par la loi.

ILLISIBLE
_____
Robert G. Cohen BBQ# 090340
188 Oaks Road
Framingham, MA 01702

Date : 15 Octobre 2004

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of     Massachusetts

Robert L. Lussier and
Ronald Lussier

**SUMMONS IN A CIVIL ACTION**

V.

Eastern Yacht Sales Inc.;
Jeanneau America Inc.; and
Chantiers Jeanneau     CASE NUMBER:

## 04 11071 RCL

TO: (Name and address of Defendant)    Chantiers Jeanneau
Route De La Roches
85500 Les Herbiers
FRANCE

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

**Robert G. Cohen**
Attorney At Law
188 Oaks Road
Framingham, MA 01702

an answer to the complaint which is served on you with this summons, within ___thirty (30)___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

TONY ANASTAS

CLERK

(By) DEPUTY CLERK



10-6-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT L. LUSSIER, et al<br>Plaintiff<br>v.<br><br>EASTERN YACHT SALES, INC.;<br>JEANNEAU AMERICA INC.; and<br>CHANTIERS JEANNEAU,<br>Defendants | CIVIL ACTION NO.<br>04 CV 11071 RCL |

## SECOND AMENDED COMPLAINT AND JURY CLAIM

### Introductory Statement.

1. This is an action by the plaintiffs, as buyers/owners of a certain sailing vessel known as "The Phoenix," against the retail boat dealer, the manufacturer of the boat, and the company which imported the boat to the United States from its point of manufacture in France. Plaintiffs seek damages for the value of the boat as of on or about December 4, 2003 when the vessel was substantially damaged by an on-board fire caused by a manufacturing defect at the point of its manufacture and/or at the point of its "fit up" prior to delivery of the boat to the plaintiffs caused by the negligence of the defendants and/or breaches of the warranties applicable to this boat.

### Parties.

2. Plaintiffs Robert L. Lussier and Ronald Lussier are the buyers/owners of the S/V Phoenix. Plaintiff Robert L. Lussier is an individual presently of 33 Trenton Street, Bellingham, Norfolk County, Massachusetts. Plaintiff Ronald

Lussier is an individual presently of 67 Crescent Avenue, Sausalito, California, hereinafter the plaintiff.

3.  Defendant Eastern Yacht Sales Inc. is a Rhode Island corporation having its usual place of business at 39 Alexander Road, Portsmouth, Rhode Island 02871; and also having a usual place of business in Massachusetts at 335 Lincoln Street, Hingham, Massachusetts 02043. The resident Massachusetts agent for Eastern Yacht Sales Inc. is Jon F. Rotenberg, presently of 476 Heath Street, Brookline, Norfolk County, Massachusetts 02467. Said defendant is the retail seller of the S/V Phoenix, hereinafter Eastern Yacht Sales.

3(A). Defendant Eastern Yacht Sales of Rhode Island, Inc. is a Rhode Island corporation having its usual place of business at 39 Alexander Road, Portsmouth, Rhode Island 02871; Said defendant is the retail seller of the S/V Phoenix, hereinafter Eastern Yacht Sales of Rhode Island.

4.  Defendant Jeanneau America Inc. is a corporation presently having a usual place of business at 105 Eastern Avenue, Suite 202, Annapolis, Maryland 21403. Said defendant hereinafter Jeanneau America, is the importer of the vessel from its point of manufacture in the country of France. Jeanneau America is a wholly-owned subsidiary of Chantiers Jeanneau, a French corporation, the manufacturer of the S/V Phoenix.

5.  Defendant Chantiers Jeanneau is a French corporation, the manufacturer of the vessel now known as S/V Phoenix, having its usual place of business at Route De La Roches Suvyon, 85500 Les Herbiers, FRANCE.

## COUNT ONE AGAINST MANUFACTURER CHANTIERS JEANNEAU

6.  Plaintiff repeats and re-alleges all of the fact set forth in paragraphs 1-5 hereof and incorporates them herein by reference as if individually set forth herein.

2

7. From its offices in France, defendant Chantiers Jeanneau is engaged in the manufacture, distribution and/or sales of boats in the United States, including the Commonwealth of Massachusetts and the State of Rhode Island, to the general consuming public.

8. On or about May 1, 2003, plaintiff agreed to purchase a new Jeanneau 45.2 boat to be designed and manufactured by Chantiers Jeanneau and to be delivered to plaintiff on or about July 2003.

9. This defendant agreed and warranted expressly and impliedly, to design and manufacture the boat so that it would be safe for the use to which it would be a put, by the plaintiff, and that the boat, as designed and manufactured, would be free of defects in design and workmanship which would affect plaintiff's use and enjoyment of the boat.

10. Thereafter, this defendant manufactured the subject boat, but did so negligently as hereinafter set forth.

11. On or about July-August 2003, this defendant delivered the boat from its point of manufacture to the United States distributor/importer, and to the retail boat yard with which plaintiff dealt.

12. After delivery of the boat, to the boat yard, the vessel was fit-up and made ready for delivery to the plaintiff.

13. Plaintiff took delivery of the subject vessel on or about August 2003, relying upon the warranty of the defendant that the boat was of merchantable quality, free of defects, and safe for its intended usage; and plaintiff thereafter used the subject boat.

14. The subject boat was negligently manufactured, was defective when manufactured, and when delivered to plaintiff in that the boat's electrical wiring harness and transmission control cable were negligently designed and installed by this defendant too close together in the engine compartment so that under normal operating and usage conditions the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. Defendant's negligence caused this condition and allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

15. As a sole result of the defendant's negligence and the defective condition of the boat aforesaid a devastating fire occurred on board the subject boat on or about December 4, 2003 substantially damaging it and proximately causing plaintiff to sustain a loss.

16. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Chantiers Jeanneau for all their monetary loss and damage and that plaintiff further be awarded interest, costs and attorneys' fees.

### COUNT TWO AGAINST IMPORTER/DISTRIBUTOR JEANNEAU AMERICA INC.

17. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-16, hereof and incorporates them herein by reference as if individually set forth herein.

4

18. From its offices in Annapolis, Maryland, this defendant engaged in the business of importing and distributing boats manufactured elsewhere by Chantiers Jeanneau to retail sales outlets in the Commonwealth of Massachusetts, and the State of Rhode Island.

19. On or about May 1, 2003, plaintiff agreed to purchase a new Jeanneau 45.2 boat to be designed and manufactured by Chantiers Jeanneau in France, and thereafter imported into the United States by this defendant, for sale to the retail outlet, and ultimately for delivery to the plaintiff.

20. This defendant agreed and warranted expressly and impliedly to import and sell boats which would be and are safe for their intended ordinary use, and which would be and are free from negligence in the design and manufacturing processing and free from defects in design and manufacture which would injure, harm or damage consumers.

21. This defendant imported the subject boat on or about July-August 2003, and thereafter delivered it to the retail outlet for ultimate sale and delivery to the plaintiff on or about August 2003.

22. Plaintiff took delivery of the subject boat from the retail outlet on or about August 2003 relying upon the warranty of this defendant that the boat was of merchantible quality, free of defects and safe for its intended use.

23. Thereafter, plaintiff used the subject boat.

24. The subject boat was negligently designed and manufactured and was defective when manufactured, when imported, when distributed to the retail outlet and when delivered to plaintiff in that the boat's electrical wiring harness and transmission control cable were negligently designed and installed by entities for whose conduct this defendant is responsible, too close

5

together in the engine compartment so that under normal operating and usage conditions the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This defendant's negligence caused the condition that allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

25. As a sole result of the defendant's negligence and defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003, substantially damaging it and proximately causing plaintiff to sustain a loss.

26. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Jeanneau America Inc. for all their monetary loss and damage and that plaintiff further be awarded interest, costs and attorneys' fees.

### COUNT THREE AGAINST EASTERN YACHT SALES INC.

27. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-26 hereof and incorporates them herein, by reference as if individually set forth herein.

28. This defendant was on or about May 1, 2003 and at all other time material hereto, engaged in the business of selling boats to consumers.

29. This defendant sold and delivered to plaintiff a certain Jeanneau 45.2 boat, manufactured, "fit-up," and distributed by co-defendant's Jeanneau America Inc. and Chantiers Jeanneau.

30. When purchasing the boat, plaintiff relied upon this defendant's reasonable care and its warranty and the warranties made by the other defendants that the subject boat was merchantible, safe for its intended use and free from defects in its design, manufacture and "fit-up," but in fact it was not. Said boat was not merchantible, was not safe for its intended use and was negligently and defectively designed and manufactured in that the boat's electrical wiring harness and transmission control cable were designed and installed, by entities for whose conduct this defendant is responsible, too close together in the engine compartment so that under normal operating and usage conditions, the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This defendant's negligence caused the condition that allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

31. As a sole result of this defendant's negligence and the defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003, substantially damaging it and proximately causing plaintiff to sustain a loss.

32. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Eastern Yacht Sales for all of their monetary loss and damage, and that plaintiff further be awarded interest, costs and attorneys' fees.

_[signature]_
Robert G. Cohen BBO # 090340
188 Oaks Road
Framingham, MA 01702
(508) 875-0035

Date: October 15, 2004

10