UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT L. LUSSIER, et al )
Plaintiff )
)
v. ) CIVIL ACTION NO.
) 04 CV 11071 RCL
EASTERN YACHT SALES, INC.; )
JEANNEAU AMERICA INC.; and )
CHANTIERS JEANNEAU, )
Defendants )

## DEFENDANT CHANTIERS JEANNEAU'S ANSWER TO THE SECOND AMENDED COMPLAINT AND JURY DEMAND

Defendant Chantiers Jeanneau hereby responds to the numbered paragraphs of the Second Amended Complaint as follows:

1. This paragraph of the Second Amended Complaint is introductory in nature and does not require a response.

2. Upon information and belief, admitted.

3. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Second Amended Complaint.

3A. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Second Amended Complaint.

4. Admitted.

5. Admitted.

# COUNT ONE

## AGAINST CHANTIERS JEANNEAU

6. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 5 of the Second Amended Complaint as if set forth fully herein.

7. Admitted that Defendant Chantiers Jeanneau is engaged in the manufacture of boats for distribution and/or sale in the United States, but specifically denied that it is engaged in any such distribution or sale in the Commonwealth of Massachusetts or the State of Rhode Island or to the general consuming public. With respect to the boat at issue in this litigation, Defendant Chantiers Jeanneau manufactured and sold the boat to Defendant Jeanneau America, Inc. and delivery was made at the port of Baltimore, Maryland.

8. Upon information and belief, denied. Further answering, the order from Defendant Jeanneau America, Inc. to Defendant Chantiers Jeanneau was made in 2002.

9. Denied. Further answering, any express warranty given by Defendant Chantiers Jeanneau would have been given to Defendant Jeanneau America, Inc., not to the Plaintiff.

10. Admitted that Defendant Chantiers Jeanneau manufactured the boat, but denied that it did so negligently.

11. Denied. Further answering, sometime on or after July 15, 2002, Defendant Chantiers Jeanneau delivered the boat to Defendant Jeanneau America, Inc. and delivery was made at the port of Baltimore, Maryland.

12. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Second Amended Complaint.

13. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Second Amended Complaint.

14. Denied.

15. Upon information and belief, admitted that a fire occurred on board the boat and that the Plaintiff sustained a loss. Otherwise, denied.

16. Denied.

## COUNT TWO

## AGAINST JEANNEAU AMERICA, INC.

17. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 16 of the Second Amended Complaint as if set forth fully herein.

18. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

19. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

20. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

21. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

22. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

23. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

24. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

25. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

26. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

## COUNT THREE

## AGAINST EASTERN YACHT SALES

27. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 26 of the Second Amended Complaint as if set forth fully herein.

28. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

29. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

30. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

31. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

32. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

## COUNT FOUR

## AGAINST EASTERN YACHT SALES OF RHODE ISLAND

33. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 32 of the Second Amended Complaint as if set forth fully herein.

34. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

35. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

36. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

37. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

38. This paragraph of the Second Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

## COUNT FIVE

## AGAINST ALL DEFENDANTS

39. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 38 of the Second Amended Complaint as if set forth fully herein.

40. Denied.

41. Denied.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state claim upon which relief may be granted against the Defendant Chantiers Jeanneau.

## SECOND AFFIRMATIVE DEFENSE

Any damages alleged to have been sustained by the Plaintiffs were not caused of contributed to by the acts or omissions of the Defendant Chantiers Jeanneau. Any such damages were the sole and proximate result of acts and omissions of third parties for whom the Defendant Chantiers Jeanneau is not responsible.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they have failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Any damages alleged to have been sustained by the Plaintiffs were the result of Plaintiffs' own acts or omissions, and/or the acts omissions of Plaintiffs' agents, servants, employees and/or subcontractors.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately plead proper service of a demand for relief as required by Chapter 93A. Upon information and belief, any such demand letter under Chapter 93A was not properly served upon the Defendant Chantiers Jeanneau and Plaintiffs are thus precluded from recovering under Chapter 93A.

## SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Defendant Chantiers Jeanneau was not aware of the vessel fire until after an investigation into the fire had taken place and items were

removed from the vessel. These events have prejudiced the Defendant Chantiers Jeanneau by preventing it from conducting its investigation before evidence was removed from the vessel.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give timely notice of a warranty claim to Defendant Chantiers Jeanneau.

## EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the vessel's wiring was modified after manufacture and before the fire by persons or entities that are not, but should be, named as necessary parties to this suit.

## NINTH AFFIRMATIVE DEFENSE

Defendant Chantiers Jeanneau is a French corporation. Pursuant to Article Fifteen of the French Civil Code, a French Corporation may choose to be tried before a Court of France for liability incurred by it in a foreign country even when said obligations are towards an alien. Thus, Defendant Chantiers Jeanneau hereby asserts its jurisdictional privilege and right to have any claims against it adjudicated only in France and to relitigate in France any liability or judgment against it in this litigation.

## Jury Demand

Defendant Chantiers Jeanneau demands a trial by jury on all issues so triable.

Respectfully submitted,

CHANTIERS JEANNEAU

By its attorneys,

*Leonard Clarkin*
Leonard F. Clarkin, BBO #085800
John R. Cavanaugh, BBO #558648
Clarkin, Sawyer & Phillips, P.C.
20 William Street
Wellesley, MA 02481
Telephone: 781-431-2525
Fax: 781-431-2525

Of Counsel:

Thomas C. Angelone
Hodosh, Spinella & Angelone, P.C.
One Turks Head Place, Suite 1050
Providence, RI 02903
Telephone: 401-274-0200
Fax: 401-274-7538

Dated: **_February 18, 2005_**

## CERTIFICATE OF SERVICE

I hereby certify that I served the above document on all other parties to this proceeding on February 18, 2005 by mailing a true copy of the same, first class postage prepaid, to the following:

Robert G. Cohen, Esq.
188 Oaks Road
Framingham, MA 01701


Brian P. Flanagan, Esq.
Flanagan & Hunter
88 Black Falcon Ave., Suite 274
Boston, MA 02210

_____
Leonard Claftin