UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 22 A II: 12

U.S. DISTRICT COURT
DISTRICT OF MASS.

ROBERT L. LUSSIER, et al, )
    Plaintiffs )
  )   CIVIL ACTION NO. 04-11071 RCL
vs. )
  )
EASTERN YACHT SALES, INC.; )
JEANNEAU AMERICA, INC.; and )
CHANTIERS JEANNEAU, )
    Defendants )

## DEFENDANT, EASTERN YACHT SALES OF RHODE ISLAND, INC.S, ANSWER TO THE SECONDED AMENDED COMPLAINT

NOW COMES the Defendant, Eastern Yacht Sales of Rhode Island, Inc., and by its attorneys, Baker, Braverman & Barbadoro, P.C., responds to the Second Amended Complaint paragraph by paragraph as follows:

1. This paragraph of the Complaint is introductory and does not require a response.

2. Admitted.

3. Denied.
3(A). Admitted.

4. Admitted.

5. Admitted.

## COUNT ONE
## AGAINST CHANTIERS JEANNEAU

6. Defendant repeats and re-alleges each and every statement set forth above as if fully re-stated herein.

7. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

8. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

9. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode

Island, Inc. and therefore does not require a response.

10. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

11. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

12. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

13. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

14. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

15. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

16. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

## COUNT TWO
## AGAINST JEANNEAU AMERICA INC.

17. Defendant repeats and re-alleges each and every statement set forth above as if fully re-stated herein.

18. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

19. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

20. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

21. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response

22. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

23. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

24. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

25. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

26. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

## COUNT THREE
## EASTERN YACHT SALES

27. Defendant repeats and re-alleges each and every statement set forth above as if fully re-stated herein

28. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

29. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

30. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

31. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

32. This paragraph of the Complaint does not apply to Eastern Yacht Sales of Rhode Island, Inc. and therefore does not require a response.

## COUNT FOUR
## AGAINST EASTERN YACHT SALES OF RHODE ISLAND

33. Defendant repeats and re-alleges each and every statement set forth above as if fully re-stated herein.

34. Admitted.

35. Admitted, except to the term "fit up" which term is not defined by the Plaintiff.

36. Denied.

37. Denied.

38. Denied.

## COUNT FIVE
## VIOLATION OF MGL 93 AGAINST ALL DEFENDANTS

39. Defendant repeats and re-alleges each and every statement set forth above as if fully restated herein.

40. Denied.

41. Denied.

## AFFIRMATIVE DEFENSES

1. Each and every count of Plaintiffs' complaint fails to state a claim upon which relief may be granted.

2. Any damages that are alleged to have been sustained by Plaintiffs were not caused or contributed to by the acts or omissions of this Defendant. Indeed, the said damages, if any, were caused in whole or in part by the acts and omissions of third parties for whom this Defendant is not legally responsible.

3. Plaintiffs and/or their associated underwriters have failed to mitigate their damages.

4. The damages that are alleged to have been sustained by Plaintiffs were the result of Plaintiffs' own acts or omissions, or those of Plaintiffs' agents, servants, employees and or subcontractors working for Plaintiffs or their agents.

5. As to Plaintiffs' claim pursuant to Chapter 93A of Massachusetts General Laws, the conduct of this Defendant as alleged in the Complaint, even if proven, does not constitute an unfair and deceptive act or practice within the scope of Chapter 93A.

6. The Plaintiffs have failed to make a proper demand for relief upon this Defendant which was sufficient to satisfy the requirements of Chapter 93A and are, therefore, barred from recovery under 93A.

7. If the Plaintiffs are deemed to have made a demand sufficient to meet the requirements of Chapter 93A then this Defendant's response thereto was reasonable in relation to the facts and damages alleged.

8. This Defendant was not made aware of the vessel fire until well after the investigation of the fire took place and items were removed from the vessel. This is an issue of spoliation and late notice as to a potential claim where the lack of notice and spoliation prejudiced this Defendant's rights and prevented this Defendant from conducting its own examination of the vessel before evidence was removed.

WHEREFORE, Defendant prays that this matter be dismissed with prejudice, without costs and Defendant be awarded its reasonable attorney fees and such other relief as this Honorable Court deems to be in the interest of justice.

Defendant reserves the right to supplement or amend this Answer at any time prior to trial on the merits.

## JURY DEMAND

THE DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

Eastern Yacht Sales of Rhode Island, Inc.,
By its attorneys,

WILLIAM B. GOLDEN, ESQ.
BBO# 198460
Baker, Braverman & Barbadoro P.C.
50 Braintree Hill Office Park, Suite 108
Braintree, MA 02184
(781) 848-9610

Dated: February 11, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of February 2005, I served a copy of the foregoing document by mailing a copy thereof, postage prepaid, and by e-mail to:

Robert G. Cohen, Esq.,
188 Oaks Road
Framingham, MA 01702

Brian P. Flanagan, Esq.
88 Black Falcon Avenue
Boston, MA 02210

5