UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2005 SEP 27 P 2:05

| | |
|---|---|
| ROBERT L. LUSSIER et als<br>Plaintiff<br><br>v.<br><br>EASTERN YACHT SALES OF RI, INC.;<br>EASTERN YACHT SALES, INC.;<br>JEANNEAU AMERICA, INC.; and<br>CHANTIERS JEANNEAU,<br>Defendants | } |

## THIRD AMENDED COMPLAINT AND JURY CLAIM

### Introductory Statement.

1. This is an action by the plaintiffs, as buyers/owners of a certain sailing vessel known as "The Phoenix," against the retail boat dealer, the manufacturer of the boat, and the company which imported the boat to the United States from its point of manufacture in France. Plaintiffs seek damages for the value of the boat as of on or about December 4, 2003 when the vessel was substantially damaged by an on-board fire caused by a manufacturing defect at the point of its manufacture and/or at the point of its "fit up" prior to delivery of the boat to the plaintiffs caused by the negligence of the defendants and/or breaches of the warranties applicable to this boat.

### Parties.

2. Plaintiffs Robert L. Lussier and Ronald Lussier are the buyers/owners of the S/V Phoenix. Plaintiff Robert L. Lussier is an individual presently of 33 Trenton Street, Bellingham, Norfolk County, Massachusetts. Plaintiff Ronald Lussier is an individual presently of 67 Crescent Avenue, Sausalito, California, hereinafter the plaintiff.

3. Defendant Eastern Yacht Sales Inc. is a Rhode Island corporation having its usual place of business at 39 Alexander Road, Portsmouth, Rhode Island 02871; and also having a usual place of business in Massachusetts at 335 Lincoln Street, Hingham, Massachusetts 02043. The resident Massachusetts agent for Eastern Yacht Sales Inc. is Jon F. Rotenberg, presently of 476 Heath Street, Brookline, Norfolk County, Massachusetts 02467. Said defendant is the retail seller of the S/V Phoenix, hereinafter Eastern Yacht Sales.

3(A). Defendant Eastern Yacht Sales of Rhode Island, Inc. is a Rhode Island corporation having its usual place of business at 39 Alexander Road, Portsmouth, Rhode Island 02871; Said defendant is the retail seller of the S/V Phoenix, hereinafter Eastern Yacht Sales of Rhode Island.

4. Defendant Jeanneau America Inc. is a corporation presently having a usual place of business at 105 Eastern Avenue, Suite 202, Annapolis, Maryland 21403. Said defendant hereinafter Jeanneau America, is the importer of the vessel from its point of manufacture in the country of France. Jeanneau America is a wholly-owned subsidiary of Chantiers Jeanneau, a French corporation, the manufacturer of the S/V Phoenix.

5. Defendant Chantiers Jeanneau is a French corporation, the manufacturer of the vessel now known as S/V Phoenix, having its usual place of business at Route De La Roches Suvyon, 85500 Les Herbiers, FRANCE.

## COUNT ONE AGAINST
## MANUFACTURER CHANTIERS JEANNEAU

6. Plaintiff repeats and re-alleges all of the fact set forth in paragraphs 1-5 hereof and incorporates them herein by reference as if individually set forth herein.

2

7. From its offices in France, defendant Chantiers Jeanneau is engaged in the manufacture, distribution and/or sales of boats in the United States, including the Commonwealth of Massachusetts and the State of Rhode Island, to the general consuming public.

8. On or about May 1, 2003, plaintiff agreed to purchase a new Jeanneau 45.2 boat to be designed and manufactured by Chantiers Jeanneau and to be delivered to plaintiff on or about July 2003.

9. This defendant agreed and warranted expressly and impliedly, to design and manufacture the boat so that it would be safe for the use to which it would be a put, by the plaintiff, and that the boat, as designed and manufactured, would be free of defects in design and workmanship which would affect plaintiff's use and enjoyment of the boat.

10. Thereafter, this defendant manufactured the subject boat, but did so negligently as hereinafter set forth.

11. On or about July-August 2003, this defendant delivered the boat from its point of manufacture to the United States distributor/importer, and to the retail boat yard with which plaintiff dealt.

12. After delivery of the boat, to the boat yard, the vessel was fit-up and made ready for delivery to the plaintiff.

13. Plaintiff took delivery of the subject vessel on or about August 2003, relying upon the warranty of the defendant that the boat was of merchantable quality, free of defects, and safe for its intended usage; and plaintiff thereafter used the subject boat.

14. The subject boat was negligently manufactured, was defective when manufactured, and when delivered to plaintiff in that the boat's electrical wiring harness and transmission control cable were negligently designed and installed by this defendant too close together in the engine compartment so that under normal operating and usage conditions the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. Defendant's negligence caused this condition and allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

15. As a sole result of the defendant's negligence and the defective condition of the boat aforesaid a devastating fire occurred on board the subject boat on or about December 4, 2003 substantially damaging it and proximately causing plaintiff to sustain a loss.

16. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Chantiers Jeanneau for all their monetary loss and damage and that plaintiff further be awarded interest, costs and attorneys' fees.

### COUNT TWO AGAINST IMPORTER/DISTRIBUTOR JEANNEAU AMERICA INC.

17. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-16, hereof and incorporates them herein by reference as if individually set forth herein.

18. From its offices in Annapolis, Maryland, this defendant engaged in the business of importing and distributing boats manufactured elsewhere by Chantiers Jeanneau to retail sales outlets in the Commonwealth of Massachusetts, and the State of Rhode Island.

19. On or about May 1, 2003, plaintiff agreed to purchase a new Jeanneau 45.2 boat to be designed and manufactured by Chantiers Jeanneau in France, and thereafter imported into the United States by this defendant, for sale to the retail outlet, and ultimately for delivery to the plaintiff.

20. This defendant agreed and warranted expressly and impliedly to import and sell boats which would be and are safe for their intended ordinary use, and which would be and are free from negligence in the design and manufacturing processing and free from defects in design and manufacture which would injure, harm or damage consumers.

21. This defendant imported the subject boat on or about July-August 2003, and thereafter delivered it to the retail outlet for ultimate sale and delivery to the plaintiff on or about August 2003.

22. Plaintiff took delivery of the subject boat from the retail outlet on or about August 2003 relying upon the warranty of this defendant that the boat was of merchantible quality, free of defects and safe for its intended use.

23. Thereafter, plaintiff used the subject boat.

24. The subject boat was negligently designed and manufactured and was defective when manufactured, when imported, when distributed to the retail outlet and when delivered to plaintiff in that the boat's electrical wiring harness and transmission control cable were negligently designed and installed by entities for whose conduct this defendant is responsible, too close

5

together in the engine compartment so that under normal operating and usage conditions the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This defendant's negligence caused the condition that allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

25. As a sole result of the defendant's negligence and defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003, substantially damaging it and proximately causing plaintiff to sustain a loss.

26. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Jeanneau America Inc. for all their monetary loss and damage and that plaintiff further be awarded interest, costs and attorneys' fees.

## COUNT THREE AGAINST EASTERN YACHT SALES INC.

27. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-26 hereof and incorporates them herein, by reference as if individually set forth herein.

28. This defendant was on or about May 1, 2003 and at all other time material hereto, engaged in the business of selling boats to consumers.

29. This defendant sold and delivered to plaintiff a certain Jeanneau 45.2 boat, manufactured, "fit-up," and distributed by co-defendant's Jeanneau America Inc. and Chantiers Jeanneau.

6

30. When purchasing the boat, plaintiff relied upon this defendant's reasonable care and its warranty and the warranties made by the other defendants that the subject boat was merchantible, safe for its intended use and free from defects in its design, manufacture and "fit-up," but in fact it was not. Said boat was not merchantible, was not safe for its intended use and was negligently and defectively designed and manufactured in that the boat's electrical wiring harness and transmission control cable were designed and installed, by entities for whose conduct this defendant is responsible, too close together in the engine compartment so that under normal operating and usage conditions, the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This defendant's negligence caused the condition that allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded transmission control cable which could and actually did cause an on-board fire.

31. As a sole result of this defendant's negligence and the defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003, substantially damaging it and proximately causing plaintiff to sustain a loss.

32. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Eastern Yacht Sales for all of their monetary loss and damage, and that plaintiff further be awarded interest, costs and attorneys' fees.

## COUNT FOUR: AGAINST EASTERN YACHT SALES OF RHODE ISLAND

33. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-32 hereof and incorporates them herein by reference as if individually set forth herein.

34. This defendant was on or about May 1, 2003 and at all other time material hereto, engaged in the business of selling boats to consumers.

35. This defendant sold and delivered to plaintiff a certain Jeanneau 45.2 boat, manufactured, "fit-up," and distributed by co-defendant's Jeanneau America Inc. and Chantiers Jeanneau. This defendant and persons or entities for whose conduct this defendant is responsible negligently "fit-up" the boat prior to its delivery to the plaintiff.

36. When purchasing the boat, plaintiff relied upon this defendant's reasonable care and the reasonable care of persons or entities for whose conduct this defendant is responsible and its warranty and the warranties made by the other defendants that the subject boat was merchantible, safe for its intended use and free from defects in its design, manufacture and "fit-up," but in fact it was not. Said boat was not merchantible, was not safe for its intended use and was negligently and defectively designed and manufactured in that the boat's electrical wiring harness and transmission control cable were designed and installed, by entities for whose conduct this defendant is responsible, too close together in the engine compartment so that under normal operating and usage conditions, the electrical wiring and transmission control cable were in contact with one another causing abrasion and chafing. This defendant's negligence and the defective condition allowed the power lead to the cockpit control panel to come in contact with the steel wire strands of the grounded

transmission control cable which could and actually did cause an on-board fire.

37. As a sole result of this defendant's negligence and the negligence of persons or entities for whose conduct this defendant is responsible and the defective condition of the boat aforesaid, a devastating fire occurred on board the subject boat on or about December 4, 2003, substantially damaging it and proximately causing plaintiff to sustain a loss.

38. Plaintiff has given due notice of this breach of warranty to this defendant.

WHEREFORE, plaintiff demands judgment against defendant Eastern Yacht Sales of Rhode Island for all of their monetary loss and damage, and that plaintiff further be awarded interest, costs and attorneys' fees.

## COUNT FIVE: VIOLATION OF MGL CHAPTER 93A
## AGAINST ALL DEFENDANTS

39. Plaintiff repeats and re-alleges all of those facts set forth in paragraphs 1-38 hereof and incorporates them herein by reference as if individually set forth herein.

40. The acts, practices, and conduct aforesaid of these defendants is a willful, knowing, intentional and bad faith violation of MGL Chapter 93A, Sections 1 et seq. which has caused plaintiff to suffer loss and damage.

41. Plaintiff has given notice to these defendants as required by law, but defendants have failed, neglected and refused to respond to the plaintiff as required by law.

WHEREFORE, plaintiff demands judgment against all defendants, jointly and severally, for their actual loss and damage; that multiple damages be awarded to the plaintiff pursuant to MGL Chapter 93A Section 1 et seq.; and that plaintiff recover interest, costs and attorneys' fees, all as provided by law.

Plaintiffs demand a jury trial on all issues so triable.

                                        Plaintiffs
                                        By their attorney

                                        Robert G. Cohen BBO # 090340
                                        188 Oaks Road
                                        Framingham, MA 01702
                                        (508) 875-0035

Dated: September 12, 2005