UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ROBERT L. LUSSIER, et al            )
        Plaintiff                   )
                                    )       CIVIL ACTION NO.
v.                                  )       04 CV 11071 RCL
                                    )
EASTERN YACHT SALES OF RI, INC.;    )
EASTERN YACHT SALES, INC.;          )
JEANNEAU AMERICA INC.; and          )
CHANTIERS JEANNEAU,                 )
        Defendants                  )
_____)

**DEFENDANT CHANTIERS JEANNEAU'S ANSWER TO THE THIRD AMENDED COMPLAINT AND JURY DEMAND**

Defendant Chantiers Jeanneau hereby responds to the numbered paragraphs of the Third Amended Complaint as follows:

1. This paragraph of the Third Amended Complaint is introductory in nature and does not require a response.

2. Upon information and belief, admitted.

3. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Third Amended Complaint.

3A. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Third Amended Complaint.

4. Admitted.

5. Admitted.

## **COUNT ONE**

## **AGAINST CHANTIERS JEANNEAU**

6. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 5 of the Third Amended Complaint as if set forth fully herein.

7. Admitted that Defendant Chantiers Jeanneau is engaged in the manufacture of boats for distribution and/or sale in the United States, but specifically denied that it is engaged in any such distribution or sale in the Commonwealth of Massachusetts or the State of Rhode Island or to the general consuming public. With respect to the boat at issue in this litigation, Defendant Chantiers Jeanneau manufactured and sold the boat to Defendant Jeanneau America, Inc. and delivery was made at the port of Baltimore, Maryland.

8. Upon information and belief, denied. Further answering, the order from Defendant Jeanneau America, Inc. to Defendant Chantiers Jeanneau was made in 2002.

9. Denied. Further answering, any express warranty given by Defendant Chantiers Jeanneau would have been given to Defendant Jeanneau America, Inc., not to the Plaintiff.

10. Admitted that Defendant Chantiers Jeanneau manufactured the boat, but denied that it did so negligently.

11. Denied. Further answering, sometime on or after July 15, 2002, Defendant Chantiers Jeanneau delivered the boat to Defendant Jeanneau America, Inc. and delivery was made at the port of Baltimore, Maryland.

12. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Third Amended Complaint.

13. Defendant Chantiers Jeanneau is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph of the Third Amended Complaint.

14. Denied.

15. Upon information and belief, admitted that a fire occurred on board the boat and that the Plaintiff sustained a loss. Otherwise, denied.

16. Denied.

## COUNT TWO

## AGAINST JEANNEAU AMERICA, INC.

17. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 16 of the Third Amended Complaint as if set forth fully herein.

18. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

19. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

20. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

21. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

22. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

23. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

24. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

25. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

26. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

## COUNT THREE

## AGAINST EASTERN YACHT SALES

27. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 26 of the Third Amended Complaint as if set forth fully herein.

28. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

29. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

30. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

31. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

32. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

## COUNT FOUR

## AGAINST EASTERN YACHT SALES OF RHODE ISLAND

33. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 32 of the Third Amended Complaint as if set forth fully herein.

34. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

35. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

36. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

37. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

38. This paragraph of the Third Amended Complaint does not apply to the Defendant Chantiers Jeanneau and therefore does not require a response.

## COUNT FIVE

## AGAINST ALL DEFENDANTS

39. Defendant Chantiers Jeanneau hereby repeats and restates its responses to paragraphs 1 through 38 of the Third Amended Complaint as if set forth fully herein.

40. Denied.

41. Denied.

### FIRST AFFIRMATIVE DEFENSE

The Third Amended Complaint fails to state claim upon which relief may be granted against the Defendant Chantiers Jeanneau.

### SECOND AFFIRMATIVE DEFENSE

Any damages alleged to have been sustained by the Plaintiffs were not caused of contributed to by the acts or omissions of the Defendant Chantiers Jeanneau. Any such damages were the sole and proximate result of acts and omissions of third parties for whom the Defendant Chantiers Jeanneau is not responsible.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they have failed to mitigate damages.

### FOURTH AFFIRMATIVE DEFENSE

Any damages alleged to have been sustained by the Plaintiffs were the result of Plaintiffs' own acts or omissions, and/or the acts omissions of Plaintiffs' agents, servants, employees and/or subcontractors.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to adequately plead proper service of a demand for relief as required by Chapter 93A. Upon information and belief, any such demand letter under Chapter 93A was not properly served upon the Defendant Chantiers Jeanneau and Plaintiffs are thus precluded from recovering under Chapter 93A.

### SIXTH AFFIRMATIVE DEFENSE

Upon information and belief, the Defendant Chantiers Jeanneau was not aware of the vessel fire until after an investigation into the fire had taken place and items were

removed from the vessel. These events have prejudiced the Defendant Chantiers Jeanneau by preventing it from conducting its investigation before evidence was removed from the vessel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to give timely notice of a warranty claim to Defendant Chantiers Jeanneau.

### EIGHTH AFFIRMATIVE DEFENSE

Upon information and belief, the vessel's wiring was modified after manufacture and before the fire by persons or entities that are not, but should be, named as necessary parties to this suit.

### NINTH AFFIRMATIVE DEFENSE

Defendant Chantiers Jeanneau is a French corporation. Pursuant to Article Fifteen of the French Civil Code, a French Corporation may choose to be tried before a Court of France for liability incurred by it in a foreign country even when said obligations are towards an alien. Thus, Defendant Chantiers Jeanneau hereby asserts its jurisdictional privilege and right to have any claims against it adjudicated only in France and to relitigate in France any liability or judgment against it in this litigation.

**Jury Demand**

Defendant Chantiers Jeanneau demands a trial by jury on all issues so triable.

                              Respectfully submitted,

                              CHANTIERS JEANNEAU

                              By its attorneys,

                              /s/ John R. Cavanaugh
                              _____
                              Leonard F. Clarkin, BBO #085800
                              John R. Cavanaugh, BBO #558648
                              Clarkin, Sawyer & Phillips, P.C.
                              20 William Street
                              Wellesley, MA 02481
                              Telephone: 781-431-2525
                              Fax: 781-431-2525


                              Thomas C. Angelone
                              Hodosh, Spinella & Angelone, P.C.
                              One Turks Head Place, Suite 1050
                              Providence, RI 02903
                              Telephone: 401-274-0200
                              Fax: 401-274-7538


Dated: January 4, 2006